IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| ERIE INSURANCE EXCHANGE, AN UNINCORPORATED ASSOCIATION, BY TROY STEPHENSON, CHRISTINA STEPHENSON, AND STEVEN BARNETT, TRUSTEES AD LITEM, AND ALTERNATIVELY, ERIE INSURANCE EXCHANGE, BY TROY STEPHENSON, CHRISTINA STEPHENSON, AND STEVEN BARNETT;<br><br>        Plaintiff,<br><br>    vs.<br><br>ERIE INDEMNITY COMPANY,<br><br>        Defendant, | 2:22-CV-00166-CRE |

### MEMORANDUM OPINION[1]

CYNTHIA REED EDDY, Chief United States Magistrate Judge.

### I.    INTRODUCTION

Plaintiffs Troy Stephenson, Christina Stephenson, and Steven Barnett as trustees *ad litem* on behalf of Erie Insurance Exchange (collectively Plaintiffs or "Exchange") initiated this breach of fiduciary duty action against Defendant Erie Indemnity Company ("Indemnity") in the Court of Common Pleas of Allegheny County, Pennsylvania. Thereafter, Indemnity removed the action to this Court. Presently for consideration is Exchange's motion to remand (ECF No. 19). The motion is fully briefed and ripe for consideration.

For the reasons that follow, said motion is granted and this case shall be remanded to the

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

1

Court of Common Pleas of Allegheny County, Pennsylvania.

## II. BACKGROUND

Exchange is an unincorporated association that operates as a reciprocal insurer. It has no employees, officers, or board of directors. Indemnity serves as the managing agent and attorney-in-fact for Exchange in its operation as a reciprocal insurer. Exchange alleges that by virtue of this relationship, Indemnity owes fiduciary duties to Exchange. Exchange alleges that Indemnity has breached its fiduciary duties by charging Exchange an annual "Management Fee" that equates to tens of millions of dollars that is not used to cover the cost of serving as the attorney-in-fact and managing agent for Exchange, but funnels this money to Indemnity's shareholders, including a small group of controlling shareholders who are members of Indemnity's Board of Directors and who set the Management Fee in the form of dividends and "special dividend" payments.

Plaintiffs Troy Stephenson, Christine Stephenson and Steven Barnett initiated this action in the Court of Common Pleas of Allegheny County as trustees *ad litem* for Exchange under Rule 2152 of the Pennsylvania Rules of Civil Procedure. Plaintiffs allege two causes of action against Indemnity based on a breach of fiduciary duty for Indemnity's conduct in December 2019 and 2020 related to the management fee charge. On January 27, 2022, Indemnity filed a Notice of Removal asserting that this Court has jurisdiction under Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2) ("CAFA"). Exchange moves to remand the action to state court and argues that this Court lacks jurisdiction under CAFA.

## III. STANDARD OF REVIEW

"Generally, 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *NORCAL Mut. Ins. Co. v. Laurel Pediatric Assocs., Inc.*, No. 3:21-CV-66, 2022 WL 1308109, at *2 (W.D. Pa. May 2, 2022) (quoting *Quackenbush v. Allstate Ins. Co.*,

517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996)).  The party seeking removal of an action to federal court bears the burden of establishing that federal subject matter jurisdiction exists. *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).  To determine whether removal is proper, the court should examine the allegations set forth in the complaint and the notice of removal. *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 158 (3d Cir. 2013).

**IV.   DISCUSSION**

Exchange argues that this case must be remanded to state court because this action does not meet the subject matter jurisdiction requirements of CAFA because (1) this action is not a "class action" within the meaning of CAFA and (2) the parties are not minimally diverse as required by CAFA § 1332(d)(2)(A).

"CAFA grants federal courts original jurisdiction over actions in which: (1) the matter constitutes a 'class action'; (2) 'the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs'; (3) CAFA's minimal diversity requirements are met; and (4) there are at least 100 members of the putative class." *Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 185 (3d Cir. 2014) (unpublished) (quoting 28 U.S.C. § 1332(d)(2), (d)(5)(B)).  "The proper test in a CAFA removal action depends on the nature of the jurisdictional facts alleged and whether they are in dispute." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014).

Exchange takes issue with the first element and argues that the complaint does not allege a class action under the Federal Rules of Civil Procedure or any similar Pennsylvania statutes or rule.

Indemnity argues that the Court should consider the parties litigation history and because Exchange has attempted to assert class claims under CAFA with respect to the management fees in prior actions, including a recently removed action that included class claims that Plaintiffs

voluntarily dismissed post-removal to this Court, the Court should consider the claims asserted here as class claims. Indemnity argues that Plaintiffs' voluntary dismissal of the prior putative class action and filing of this case sans-class claims is the functional amendment, or amendment *de facto*, of Plaintiff's previously voluntarily dismissed action.

CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Under the unambiguous definition of "class action," "[t]he statute directs [the court] to inquire whether th[e] action was brought under a 'state statute or rule' that is 'similar' to Rule 23 or, in other words, 'whether the state statute authorizes the suit "as a class action." ' " *Erie Ins. Exchange*, 722 F.3d at 158 (quoting *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 848 (9th Cir. 2011)).

The parties previously litigated the same issue of whether the federal court had jurisdiction under CAFA where trustees *ad litem* of the Exchange brought breach of contract, breach of fiduciary duty claims and equitable relief under Pennsylvania Rule of Civil Procedure 2152 ("Rule 2152") in state court. *Erie Ins. Exchange*, 722 F.3d at 157. Indemnity removed the action to federal court, Exchange moved to remand and the district court granted that motion and remanded the case to state court. On appeal, the Court of Appeals for the Third Circuit held that there was no federal jurisdiction under CAFA because Exchange did not bring class claims, nor could it under Rule 2152 as an unincorporated association bringing claims on behalf of its members. The court of appeals found that

> Rule 2152 contains none of the defining characteristics of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). It does not, for example, provide for class certification mechanisms, . . . list requirements such as numerosity or commonality that a suit must meet to constitute a class action . . . or specify the form and substance of notice that must be given to absent class members[.] Nor does Rule 2152 permit individual class members to opt-out or provide for the appointment of

> a lead plaintiff or class counsel. Far from "authorizing an action to be brought by [a] representative person[] as a class," 28 U.S.C. § 1332(d)(1)(B), Rule 2152 merely authorizes suits by representatives on behalf of an unincorporated association. *See* Pa. R. Civ. P. 2152. Indeed, to the extent we have interpreted Pennsylvania law on the matter, we have held that suits by members of an unincorporated association (such as those contemplated by Rule 2152) may not be brought as a class action. *See Underwood v. Maloney*, 256 F.2d 334, 337 (3d Cir. 1958) ("Pennsylvania has forbidden a suit by or against an unincorporated association to be maintained as a class action.").

*Erie Ins. Exchange*, 722 F.3d at 158–59. The court of appeals further explained that a suit under Rule 2152 "is properly understood as a suit by one entity, not by 'a conglomerate of individuals.'" *Erie Ins. Exchange*, 722 F.3d at 159 (quoting *Long v. Sakleson*, 328 Pa. 261, 195 A. 416, 420 (1937)). It further found that "[p]laintiffs are the masters of their complaints and are 'free to choose the statutory provisions under which they will bring their claims[,]'" *id.* (quoting *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 216 (2d Cir. 2013) n. 7 (2d Cir.2013)), and concluded that there was no jurisdiction under CAFA and affirmed the district court's remand of the action to state court. *Erie Ins. Exchange*, 722 F.3d at 156.

Indemnity has provided no tenable reason to deviate from this result. Exchange brings this lawsuit under Rule 2152 and does not assert class claims or any state law equivalent, and as such, there is no basis for CAFA jurisdiction. Indemnity cites *Loper v. Lifeguard Ambul. Serv., LLC*, 2:19-CV-583-CLM, 2020 WL 8617215, at *8 (N.D. Ala. Jan. 10, 2020) for the proposition that a plaintiff cannot use Federal Rule of Civil Procedure 15 to amend his complaint to divest a federal court of jurisdiction under CAFA, and also cannot do so by using the voluntary dismissal procedure under Rule 41 to do the same. In *Loper*, the court denied the plaintiff's request to amend her complaint in an attempt to divest the court of CAFA jurisdiction and further denied the plaintiff's request to voluntarily dismiss her action so that she could refile it so that it did not meet the jurisdictional requirements of CAFA. In so denying, the court noted "that it would be passing

5

strange to bar a Plaintiff from divesting a federal court of jurisdiction by using Rule 15 to amend his complaint but allow him to do so using Rule 41." *Loper*, 2020 WL 8617215, at *10.  However, in *Loper*, the court was addressing whether to exercise its discretion to approve a stipulation of dismissal under Rule 41(a)(2) which requires a court order and for the court to allow dismissal "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  Instantly, Exchange's previous case was voluntarily dismissed under Fed. R. Civ. P. 41(a)(1)(A)(i) prior to any answer being filed and did not require a court order to become immediately operative. *See Stephenson v. Erie Indemnity Company*, 2:21-cv-1444 (W.D.Pa.) (ECF No. 12).  Rule 41 is clear that a stipulation of dismissal under Rule 41(a)(1)(A) "does not require a court order, nor does it require the approval of the court." *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016). *See also Blair v. Comprehensive Healthcare Mgt. Services, LLC*, 2:18-CV-1667, 2021 WL 3855931, at *3 (W.D. Pa. Aug. 27, 2021).  Because a dismissal under Rule 41(a)(1)(A) does not require a court order or approval, [the Court of Appeals for the Third Circuit has] held that '[t]he entry of such a stipulation of dismissal is effective automatically.' " *State National Insurance Company*, 824 F.3d at 406 (quoting *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.*, 411 F.2d 674, 677 (3d Cir. 1969)).  A stipulation to dismiss under Rule 41(a)(1)(A) is "immediately self-executing.  No separate entry or order is required to effectuate the dismissal." *State Nat'l Ins. Co*, 824 F.3d at 406–07 (footnotes omitted). *But see* Fed. R. Civ. P. 41(a)(2) (explicitly requiring a court order to approve of the dismissal "on terms that the court considers proper.").[2]  Therefore, this Court cannot consider Exchange's previously dismissed case that included class claims as a basis for CAFA

---

[2] While the Court did issue an order approving the stipulation of dismissal, such an Order was superfluous, was entered for the purpose of directing the Clerk's Office to close the case and did not require the Court's discretion for the voluntary dismissal to become immediately effective. *See Stephenson v. Erie Indemnity Company*, 2:21-cv-1444 (W.D.Pa.) (ECF No. 13).

jurisdiction in this case which pleads no class claims or state law equivalent claims. The present action as it is pleaded includes no class claims and because Exchange is the scrivener of its complaint and is free to choose the statutory provisions under which it will bring its claims, there is no basis for CAFA jurisdiction. As previously noted by the court of appeals:

> This case was not filed under any rule that contemplates class proceedings, and Indemnity does not contend otherwise. It therefore fails to meet the statutory definition of "class action" and may not properly be removed under CAFA. Even after accepting Indemnity's invitation to perform an analysis beyond what CAFA's text requires, and to wade through the complaint in hopes of concluding that something else is afoot, we have failed to uncover any evidence that this case is really a class action wolf dressed in sheep's clothing.

*Erie Ins. Exch.*, 722 F.3d at 163. Accordingly, Plaintiffs' motion to remand is GRANTED.

## V.     CONCLUSION

Based on the foregoing, Exchange's motion to remand (ECF No. 19) is GRANTED and the Clerk's Office shall remand this case to the Court of Common Pleas of Allegheny County, Pennsylvania forthwith. Should Indemnity seek a stay of this Order, they shall file said motion to stay remand of the case by **October 5, 2022**.

An appropriate Order follows.

DATED this 28th day of September, 2022.

BY THE COURT:

s/Cynthia Reed Eddy
Chief United States Magistrate Judge